UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 12-cv-22156-UU

AF HOLDINGS, LLC,

    Plaintiff,

v.

JOHN DOE,

    Defendant.

                                           /

## ORDER REQUIRING RESPONSE

THIS CAUSE is before the Court upon the Initial Planning and Scheduling Report [D.E. 7], filed by Plaintiff on August 10, 2012, pursuant to this Court's Order Setting an Initial Planning and Scheduling Conference [D.E. 6].[1]

THIS COURT has considered the Plaintiff's Report [D.E. 7], the pertinent portions of the record, and is otherwise fully advised on the premise.

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1B, this Court's Order Setting an Initial Planning and Scheduling Conference directed the parties to file a "Joint Planning and Scheduling Report." [D.E. 6]. Here, Plaintiff explains that it filed the Report individually because Plaintiff is currently the only

---

[1] In the Court's Order Setting an Initial Planning and Scheduling Conference, the parties were directed to file an Initial Planning and Scheduling Report by August 10, 2012. [D.E. 6]. Additionally, the same order scheduled an Initial Planning and Scheduling Conference for August 24, 2012.

party to this action due to the fact that Defendant has not yet been served. [D.E. 7]. Plaintiff further explains that until recently Defendant, an alleged copyright violator, was known only by an Internet Protocol (IP) address. [*Id.*]. To ascertain the identity of the individual associated with this IP address, Plaintiff served a subpoena pursuant to this Court's Order authorizing early discovery [D.E. 5] upon the Internet Service Provider ("ISP") responsible for furnishing Internet access to the IP address allegedly belonging to Defendant. [D.E. 7]. According to Plaintiff, on August 6, 2012, the ISP responded to the subpoena by releasing the requested subscriber information to Plaintiff, who, in turn, sent "a letter" to the subscriber-Defendant. [*Id.*]. Thus far, Plaintiff has not received a response to this letter. [*Id.*].

In another filing-sharing case involving the same Plaintiff pending before the undersigned, the Court expressed its uncertainty as to why subpoenas where issued to ISPs in another judicial district and even more oddly, another state. *AF Holdings, LLC, v. DOE'S 1-31*, No. 12-20922-CIV [D.E. 32 at 21 n.13; D.E. 26]. Judge Seitz also found this same practice peculiar in *Bubble Gum Productions,* noting that it was "unclear why the subpoenas were issued in another judicial district for information about Doe Defendants who allegedly reside in this district." *Bubble Gum Productions LLC, v. Does 1-30*, No. 12-20367-CIV, 2012 WL 2953309, at *5 n. 9 (S.D. Fla. July 19, 2012). In the undersigned's other filing-sharing case, the Court asked Plaintiff to show cause why venue was proper in the Southern District of Florida in light of the fact that the individuals who had moved to quash

the subpoenas resided outside this district. *AF Holdings, supra,* [D.E. 26]. Here, the Court cannot determine whether a similar inquiry into the propriety of the present venue is necessary because Plaintiff has not filed the subpoena that it served on the instant Defendant's ISP. Accordingly, the Court hereby directs Plaintiff to file this subpoena by the date below.

Additionally, the Court is mindful that plaintiffs in file-sharing litigation routinely acquire the subscription information of theretofore unidentified Doe Defendants, then send "demand letters" to these individuals, insisting that the recipient cease the alleged infringement and offering early settlement in lieu of formal litigation. *See*, *Mick Haig Productions, e. K., v. Does 1-670*, No. 3:10-CV-1900-N, 2011 WL 5104095, at *2 (N.D. Tex. Sept. 9, 2011), sanctions *aff'd*, No. 11-10977, 2012 WL 2849378. The Court is also mindful that the allegations made in these demand letters are not always accurate. *Id*. (citing, Eldar Haber, *The French Revolution 2.0: Copyright & the Three Strikes Policy*, 2 HARV. J. SPORTS & ENT. L. 297, 314 & n.85 (2011)). In affirming the district court's imposition of sanctions, the Court of Appeals in *Mick Haig Productions* described the use of this practice by plaintiff's counsel as "shaming or intimidating [defendants] into settling for thousands of dollars." *Mick Haig Productions, e. K., v. Does 1-670,* No. 11-10977, 2012 WL 2849378, at*3 (5th Cir. July 12, 2012).

Pursuant to this Court's authority to facilitate a "just, speedy, and inexpensive disposition of the action" during the pretrial period, Federal Rule of

Civil Procedure Rule 16(c)(2)(P), and in light of the reports of the misuse of "demand letters" in filing sharing cases, the Court orders Plaintiff to file by the date below a copy of the letter which was sent to the individual holding the IP address at issue in this case.  Finally, since Plaintiff acknowledges that it presently knows the location and identity of Defendant, the Court deems any further delay in serving Defendant to be unwarranted and orders Plaintiff to serve Defendant by the date below.

Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff is to file the documents herein requested by **August 27, 2012.**  It is further

ORDERED AND ADJUDGED that Plaintiff is to execute service of process on Defendant and file a notice of such service with this Court by **September 7, 2012.**

ORDERED AND ADJUDGED that the Initial Planning and Scheduling Conference scheduled for August 24, 2012 is hereby re-set for **September 28, 2012, at 11:30 a.m.**

DONE AND ORDERED in Chambers at Miami, Florida, this 16th day of August 2012.

_____
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record