UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 12-cv-22156-UU

AF HOLDINGS, LLC,

    Plaintiff,

v.

DARRYL LESSERE, ,

    Defendant.

_____/

## ORDER DENYING MOTION

THIS CAUSE is before the Court upon Plaintiff's Motion to File Court Ordered Letters Under Seal. [D.E. 10]

THIS COURT has considered Plaintiff's Motion, the pertinent portions of the record, and is otherwise fully advised on the premise.

In the instant Motion, Plaintiff requests to file under seal two letters that Plaintiff sent to Defendant pursuant to this Court's Order [D.E. 8], which directed Plaintiff to file "a copy of the letter which was sent to the individual holding the IP address at issue in this case." Plaintiff argues that filing the requested documents under seal is warranted "because of the confidential nature of those letters directed solely at [Defendant]." [D.E. 10]

A good cause showing is necessary to overcome the common law right of access to judicial proceedings. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) ("The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.') (citation omitted). Here, the Court is utterly unpersuaded by Plaintiff's argument that the filing of the letters under seal is warranted because the

1

letters implicate Defendant's privacy.  Plaintiff has already disclosed that Defendant allegedly violated Plaintiff's copyright in an adult entertainment video. Defendant's Amended Complaint, naming the Defendant and detailing Plaintiff's allegations against him, is on file with this Court and accessible to the public.  Additionally, without the letters themselves, which Plaintiff did not attach to the instant Motion, Plaintiff's bare assertions as to "the confidential nature" of the letters fall far short of the requisite good cause showing.  Finally, Plaintiff's reliance on Federal Rule of Evidence 408 is inappropriate.  The Court is hard-pressed to characterize the letters as constituting a "compromise offer" in light of Plaintiff's description of the letters and the fact that the Complaint was recently filed, Defendant has not been served, and no attorney has appeared on Defendant's behalf.  Accordingly,  it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion is DENIED.  Plaintiff shall file the letters with this Court no later than August 31, 2012.  Failure to do so will result in the dismissal of the present action without further notice.

DONE AND ORDERED in Chambers at Miami, Florida, this _29th__ day of August 2012.

_____
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record