At this point, while you are not being directly accused of committing the infringement yourself, **you** are *the only person known to my client who may know the identity of the infringer in this case.* Again, at this point, you are the only person in this case directly connected to the illegal infringement of our client's copyrighted content.

Please understand the severity of this matter. Under the Copyright Law of the United States, copyright owners like our client may recover $150,000 in statutory damages (in cases where statutory damages are applicable, which may or may not be the case here) per infringing file plus attorney's fees in cases, as here, infringement was willful. In it least one case where the Copyright Law has been applied to digital piracy and statutory damages were applicable, juries have awarded over $20,000 per pirated file. During the RIAA's well-publicized campaign against digital music piracy, over 30,000 people nationwide settled their cases for amounts ranging from an average of $3,000 to $12,000. More recently, a case in which a defendant was accused of illegally downloading six works via BitTorrent, a settlement was reached for $250,000. Should this case go to trial, our client intends to pursue the full amount of monetary damages authorized by law.

With that said, I want to give you a chance to cooperate with us and settle these claims prior to becoming entrenched in long and expensive litigation. Our client's settlement offer is $4,000. Should this case progress without settlement, and should we choose to name and serve you (or a member of your household) in this suit, that settlement will have expired, and the amount our client would be willing to spend would go up in light of the fees and effort put into the case.

Please also consider this letter to be a formal notice that until and unless we are able to settle our client's claim against you, we demand that you not delete any files from your computer or any other computers under your control or in your possession. If forced to proceed against you in a lawsuit, we will have a computer forensic expert inspect these computers in an effort to locate the subject content and to determine if you have deleted any content. If in the course of litigation the forensic computer evidence suggests that you deleted media files, our client will amend its complaint to add a "spoliation of evidence" claim against you. Be advised that if we prevail on this additional claim, the court could award monetary sanctions, evidentiary sanctions and reasonable attorneys' fees. If you are unfamiliar with the nature of this claim in this context, please consult an attorney. In fact, we strongly encourage you to contact an attorney regarding this matter.

Please give me a call, or have your attorney call me, as soon as possible-my number is above-to meet and confer prior to bringing any further litigation. My client is more than willing to resolve this case through settlement without resorting to further court action. However, if you do not communicate with me, I will be forced to make conclusions on why you avoided my contact and, perhaps, pursue further litigation. Either way, I hope for both of our sakes to hear from you by 08/21/2012 at 4:00 p.m. CST.