UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:12-cv-22156-UU

AF HOLDINGS, LLC,

       Plaintiff,

vs.

DARRYL LESSERE,

       Defendant.
_____/

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT DARRYL LESSERE**

Pursuant to the Federal Rule of Civil Procedure 55, Plaintiff hereby requests that the Court enter a judgment by default against Defendant Darryl Lessere. Defendant Lessere was served with the summons and amended complaint on September 7, 2012. Defendant Lessere failed to respond to Plaintiff's allegations within the time specified by Federal Rule of Civil Procedure 12(a). Therefore, because Plaintiff has shown sufficient facts to establish Defendant Lessere's liability and a clerk's default has already been filed, the Court should enter default judgment against Defendant Lessere. Based on the actions of Defendant Lessere that led to the infringement by thousands of other individuals of Plaintiff's copyrighted work, the Court should enter judgment for at least $150,000 in statutory damages plus $3,770.00 in attorney's fees and costs to Plaintiff.

    I.      RELEVANT HISTORY

Plaintiff AF Holdings, LLC is the owner of the copyrighted motion picture "Sexual Obsession." (ECF No. 9 ¶ 19.) Plaintiff initially filed this action on June 8, 2012 against an unknown infringer for copyright infringement and related claim of contributory infringement for

1

illegally downloading and distributing the copyrighted work, "Sexual Obsession," through the BitTorrent protocol. (ECF No. 1.) When the suit was filed, Plaintiff did not know the name of the alleged infringer but had identified the Internet Protocol ("IP") address associated with the infringement. (*Id.* ¶ 4.) In order to ascertain the identities of the unknown infringers, Plaintiff sought leave to issue a subpoena to the Internet Service Provider ("ISP") who provided Internet service to the identified IP address. (ECF No. 4.) The Court granted Plaintiff's request on June 14, 2012. (ECF No. 15.)

Pursuant to the Court's order, Plaintiff issued a subpoena to the ISP who provided Internet service to the IP address over which the infringement occurred. After the ISP provided notice to its subscriber, the ISP identified Darryl Lessere as the individual associated the infringing IP address. Plaintiff amended its complaint on August 27, 2012 to name Darryl Lessere as the Defendant in this action. (ECF No. 9.)

A summons was issued to Defendant Lessere on August 31, 2012 at the address provided by his ISP, informing him of this lawsuit and explaining that if he failed to respond with an answer or motion within 21 days, judgment by default will be entered against him. (ECF No. 14, attached hereto as Exhibit B); (*see also* Declaration of Joseph Perea [hereinafter "Perea Decl."] ¶ 3, attached hereto as Exhibit A). Plaintiff further served Defendant Lessere with the summons and amended complaint through personal service on September 7, 2012. (ECF No. 18, attached hereto as Exhibit C); (*see also* Perea Decl. ¶ 3.)

As of October 4, 2012 Defendant Lessere had not responded, either through an answer or a motion, to Plaintiff's amended complaint. Plaintiff filed a request for the Clerk of Court to enter default against Defendant Lessere on the ground that he failed to appear or otherwise respond to Plaintiff's amended complaint within the time prescribed by the FRCP Rule 12(a).

Because Defendant Lessere still has not responded, either through an answer or a motion, to Plaintiff's amended complaint, Plaintiff submits this motion for default judgment against him.

## II.     ARGUMENT

This section consists of four parts. Part A sets forth the standard for default judgment. Part B argues that Plaintiff has established Defendant Lessere's liability. Part C argues that Plaintiff is entitled to collect statutory damages as a result of damage caused by Defendant Lessere's actions. Part D argues that Plaintiff is entitled to collect attorneys' fees as a result of Defendant Lessere's actions.

### A.  Standards for Default Judgment.

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). In defaulting, Defendants "admits the plaintiff's well-pleaded allegations of fact." *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir.1987). Once a party has been defaulted, a court may enter a default judgment. Fed. R. Civ. P. 55(b). If the facts in the complaint are sufficient to establish liability, then the court must conduct an inquiry to ascertain the amount of damages. *PETMED EXP., INC. v. MedPets. Com, Inc.*, 336 F.Supp. 2d. 1213, 1217 (S.D. Fla. 2004); s*ee also Arista Records, Inc. v. Beker Enter., Inc.,* 298 F.Supp.2d 1310, 1312 (S.D. Fla. 2003). Damages may be awarded if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts. *Adolph Coors Co. v. Movement Against Racism and The Klan,* 777 F.2d 1538, 1544 (11th Cir. 1985). This process is limited by Rule 54, which states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed.R.Civ.P. 54(c).

### B. Plaintiff has Established Defendant Lessere's Liability

Plaintiff has established that Defendant Lessere is liable for its claims of copyright infringement and contributory infringement. (ECF No. 9.) Plaintiff addresses each claim in greater detail below.

### 1. Plaintiff has established Defendant Lessere's liability for copyright infringement.

Plaintiff's pleadings establish Defendant Lessere's liability for copyright infringement. "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 361 (1991). Plaintiff has met both of these elements. In regards to the first element, in its amended complaint Plaintiff alleged that "Plaintiff is the exclusive rights holder with respect to BitTorrent-based reproduction and distribution of the Video." (ECF No. 9 ¶ 18.) Plaintiff further alleged that "[t]he Video is currently registered in the United States Copyright Office (Copyright No. PA0001725120)," and that "Plaintiff received the rights to this Video pursuant to an assignment agreement." (*Id.* ¶ 19.) A copy of the certificate of registration and a copy of the assignment agreement were attached to amended complaint as Exhibits A and B respectively. (*See* ECF Nos. 9-1, 9-2.)

Further, in judicial proceedings, a "certificate of registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c) (1977). Plaintiff's certificate of registration meets this requirement and establishes prima facie evidence of a valid copyright. (ECF No. 9-1) (showing that the date of publication is March 14, 2011 and the registration date is March 25, 2012). Once Plaintiff produced the certificate of copyright, the burden shifted to Defendant to demonstrate why the claim of copyright is invalid. *Bibbero Sys.,*

4

*Inc. v. Colwell Sys., Inc.,* 893 F.2d 1104, 1106 (9th Cir.1990). Because Defendant failed to answer Plaintiff's amended complaint or otherwise response, he failed to rebut this presumption.

In regards to the second element, Plaintiff alleged that "Defendant, using IP address 216.189.179.30, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that torrent file into his BitTorrent client—in this case, µTorrent 3.1.2—entered a BitTorrent swarm particular to Plaintiff's Video, and reproduced and distributed the Video to numerous third parties." (ECF No. 9 ¶ 22.) Plaintiff further alleged the specific date and time in which Plaintiff observed the infringement. (*Id.* ¶ 23) ("Plaintiff's investigators detected Defendant's illegal download on April 26, 2012 at 12:20:24 PM (UTC)."). Finally Plaintiff alleged that "Defendant's conduct infringes upon Plaintiff's exclusive rights of reproduction and distribution that are protected under the Copyright Act." (*Id.* ¶ 26.) The Court must accept these well-pleaded allegations as fact. *Buchanan,* 820 F.2d at 361. Based on Plaintiff's allegations both elements for copyright infringement have been established. Plaintiff, therefore, has established Defendant Lessere's liability for copyright infringement.

### 2. Plaintiff has established Defendant Lessere's liability for contributory infringement.

Plaintiff's pleadings establish Defendant Lessere's liability for contributory infringement. "This court has stated the well-settled test for a contributory infringer as 'one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another.'" *Cable/Home Communication Corp. v. Network Productions*, 902 F.2d 829, 845 (11th Cir. 2004) (citing *Caella v. Morris*, 820 F.2d 362, 365 (11th Cir. 1987). Plaintiff alleged that "Defendant knew of the infringement, was conscious of his own infringement, and Defendant was fully conscious that his actions resulted in multiple other persons derivatively downloaded the file containing Plaintiff's Video." (ECF No. 9 ¶ 37.) Plaintiff further alleged that

5

"The infringement by the other BitTorrent users could not have occurred without Defendant's participation in uploading Plaintiff's copyrighted works. As such, Defendant's participation in the infringing activities of others is substantial and contributed, for profit, to the infringing activity of thousands of other peers over the Internet across the world." (*Id.* ¶ 38.) Therefore, Plaintiff has established that Defendant had knowledge of the infringing activities and materially contributed to the infringement conduct of others. *Buchanan,* 820 F.2d at 361. Plaintiff has established Defendant Lessere's liability for contributory infringement.

### C. Plaintiff is Entitled to Recover Statutory Damages as a Result of Defendant Lessere's Actions

Because Plaintiff's well-pled complaint establishes Defendant Lessere's liability, Plaintiff must now set forth the damages caused by his actions. *Adolph Coors Co.*, 777 F.2d at 1544. The Copyright Act permits copyright owners to obtain statutory damages for the infringement of its copyrighted work. 17 U.S.C. § 504. This is applicable to both claims of copyright infringement and contributory infringement. *Cable/Home Communication Corp. v. Network Productions*, 902 F.2d 829, 840 (11th Cir. 1990). The copyright holder may seek "a sum of not more than $150,000" if the "infringement was committed willfully." 17 U.S.C. § 504 (c)(2). Plaintiff sought statutory damages in its amended complaint. (ECF No. 9 at 11) ("Judgment in favor of the Plaintiff against Defendant for actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff, in an amount to be ascertained at trial.")

A court can reduce the statutory award if the "infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright." *Id.* Further, a court should remit the statutory damages where the:

> infringer believed and had reasonable grounds for believing that his or her use of the copyrighted work was a fair use under section 107, if the infringer was: (i) an employee or agent of a nonprofit

> educational institution, library, or archives acting within the scope of his or her employment who, or such institution, library, or archives itself, which infringed by reproducing the work in copies or phonorecords; or (ii) a public broadcasting entity which or a person who, as a regular part of the nonprofit activities of a public broadcasting entity (as defined in section 118(f)) infringed by performing a published nondramatic literary work or by reproducing a transmission program embodying a performance of such a work.

*Id.* In the instant case, the infringement has been committed willfully as Defendant Lessere was aware or should have been aware of the infringement. (ECF No. 9 ¶ 28) ("Defendant's conduct was willful within the meaning of the Copyright Act: intentional, and with indifference to the Plaintiff's rights."); (*id.* ¶ 20) ("The torrent file used to access the copyrighted material was named in a manner that would have provided an ordinary individual with notice that the Video was protected by the copyright laws of the United States."); (*id.* ¶ 37) ("Defendant knew of the infringement, was conscious of his own infringement, and Defendant was fully conscious that his actions resulted in multiple other persons derivatively downloaded the file containing Plaintiff's Video."). Further, due to the nature of Plaintiff's copyrighted work, Defendant Lessere was not acting within the scope of his employment at a nonprofit organization or part of the activities of a nonprofit organization. Therefore, the Court should neither reduce nor remit the statutory damages of $150,000.

### D. Plaintiff is Entitled to Recover Attorneys' Fees and Costs as a Result of Defendant Lessere's Actions

The Copyright Act permits the court to recover "full costs" and "a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Awarding attorneys' fees addresses the goals of the Copyright Act, one of them being to discourage infringement, because it enables rights holders to vindicate or defend their rights. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526-27 (1994). Plaintiff sought attorneys' fees and costs in its amended complaint. (ECF

No. 9 at 11) ("Judgment in favor of Plaintiff against the Defendant awarding the Plaintiff attorneys' fees, litigation expenses (including fees and costs of expert witnesses), and other costs of this action."). When awarding attorneys' fees under the Copyright Act, the Court must initially decide whether awarding attorneys' fees are appropriate, considering such things as the motivation, objective reasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence. *Id.* at 535.

Here, Defendant Lessere's actions demonstrate a blatant disregard for Plaintiff's rights by, inter alia, failing to respond to numerous notices of his actions. Additionally, Plaintiff has expended considerable amount of time and money to create its copyrighted motion picture, and now, to protect it. Plaintiff has been severely and negatively impacted by the activities of Defendant Lessere and individuals he helped to reproduce and distribute Plaintiff's work free of charge. Therefore, awarding Plaintiff attorneys' fees and costs are appropriate under the Copyright Act.

As a result of Plaintiff's prosecution of this case against Defendant Lessere, Plaintiff has incurred attorney's fees and costs for which it requests their inclusion in the default judgment. (*See* Perea Decl. ¶¶ 5-6.) Specifically, Plaintiff requests $3,375.00 in attorney's fees and $395 in costs; for a total of $3,770.00. (*Id.*) Therefore, the Court should award Plaintiff cost and fees in the amount of $3,770.00.

## III.   CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court enter judgment against Defendant Lessere for damages in the amount of $153,770.00. As Plaintiff has demonstrated, Defendant's Lessere's infringed on Plaintiff's copyrighted work and contributed to the infringement of Plaintiff's copyrighted motion picture by numerous individuals.

Respectfully submitted,

AF Holdings LLC

DATED: October 4, 2012

By: /s/ Joseph Perea
Joseph Perea, FBN 47782
Joseph Perea, P.A.
9100 S. Dadeland Blvd, Ste 1500
Miami, Florida 33156
Tel: 305-934-6215
E-mail: joperea@perealawfirm.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 4, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system. In addition, a copy of the foregoing was mailed to Defendant Darryl Lessere by First Class U.S. mail postage prepaid consistent with the Federal Rules of Civil Procedure at the following last known residential address:

Darryl Lessere
18700 N. Bay Road
Sunny Isles Beach, FL 33160

      /s/ Joseph Perea
      JOSEPH PEREA